Mod AO 442 (09/13) Arrest Warrant     AUSA Name & Telno:  Alison Moe, 212-637-2225

# UNITED STATES DISTRICT COURT

for the

## Southern District of New York

<table>
<tr><td>United States of America<br>v.<br><br><br>Ghislaine Maxwell<br><i>Defendant</i></td><td>)<br>)<br>)<br>)<br>)<br>)</td><td><b>20 CR 330</b><br><br>Case No.</td></tr>
</table>

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Ghislaine Maxwell                                                    ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ❏ Superseding Indictment     ❏ Information     ❏ Superseding Information     ❏ Complaint
❏ Probation Violation Petition     ❏ Supervised Release Violation Petition     ❏ Violation Notice     ❏ Order of the Court

This offense is briefly described as follows:

Title 18, United States Code, Section 371 (conspiracy to entice minors)
Title 18, United States Code, Sections 2422 and 2 (enticement of a minor)
Title 18, United States Code, Section 371 (conspiracy to transport minors)
Title 18, United States Code, Sections 2423(a) and 2 (transportation of a minor)
Title 18, United States Code, Section 1623 (perjury)

Date:     06/29/2020

_____
*Issuing officer's signature*

City and state:     White Plains, NY

Hon. Lisa Margaret Smith, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____<br>at *(city and state)* _____. |
| Date: _____                  _____<br>                                                                        *Arresting officer's signature*<br><br>                                                    _____<br>                                                                        *Printed name and title* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                         :
UNITED STATES OF AMERICA     :    SEALED
                         :    INDICTMENT
                         :
       - v. -          :    20 Cr.
                         :
GHISLAINE MAXWELL,        :
                         :
       Defendant.     :
                         :
- - - - - - - - - - - - - - - x

**20 Cr. 330**

## COUNT ONE
**(Conspiracy to Entice Minors to Travel to Engage in
Illegal Sex Acts)**

    The Grand Jury charges:

### OVERVIEW

    1.  The charges set forth herein stem from the role of GHISLAINE MAXWELL, the defendant, in the sexual exploitation and abuse of multiple minor girls by Jeffrey Epstein.  In particular, from at least in or about 1994, up to and including at least in or about 1997, MAXWELL assisted, facilitated, and contributed to Jeffrey Epstein's abuse of minor girls by, among other things, helping Epstein to recruit, groom, and ultimately abuse victims known to MAXWELL and Epstein to be under the age of 18.  The victims were as young as 14 years old when they were groomed and abused by MAXWELL and Epstein, both of whom knew that certain victims were in fact under the age of 18.

    2.  As a part and in furtherance of their scheme to abuse minor victims, GHISLAINE MAXWELL, the defendant, and Jeffrey Epstein enticed and caused minor victims to travel to

Epstein's residences in different states, which MAXWELL knew and intended would result in their grooming for and subjection to sexual abuse.  Moreover, in an effort to conceal her crimes, MAXWELL repeatedly lied when questioned about her conduct, including in relation to some of the minor victims described herein, when providing testimony under oath in 2016.

### FACTUAL BACKGROUND

3.   During the time periods charged in this Indictment, GHISLAINE MAXWELL, the defendant, had a personal and professional relationship with Jeffrey Epstein and was among his closest associates.  In particular, between in or about 1994 and in or about 1997, MAXWELL was in an intimate relationship with Epstein and also was paid by Epstein to manage his various properties.  Over the course of their relationship, MAXWELL and Epstein were photographed together on multiple occasions, including in the below image:



4.    Beginning in at least 1994, GHISLAINE MAXWELL,
the defendant, enticed and groomed multiple minor girls to
engage in sex acts with Jeffrey Epstein, through a variety of
means and methods, including but not limited to the following:

a.    MAXWELL first attempted to befriend some of
Epstein's minor victims prior to their abuse, including by
asking the victims about their lives, their schools, and their
families.  MAXWELL and Epstein would spend time building
friendships with minor victims by, for example, taking minor
victims to the movies or shopping.  Some of these outings would
involve MAXWELL and Epstein spending time together with a minor
victim, while some would involve MAXWELL or Epstein spending
time alone with a minor victim.

b.    Having developed a rapport with a victim,
MAXWELL would try to normalize sexual abuse for a minor victim
by, among other things, discussing sexual topics, undressing in
front of the victim, being present when a minor victim was
undressed, and/or being present for sex acts involving the minor
victim and Epstein.

c.    MAXWELL'S presence during minor victims'
interactions with Epstein, including interactions where the
minor victim was undressed or that involved sex acts with
Epstein, helped put the victims at ease because an adult woman
was present.  For example, in some instances, MAXWELL would

massage Epstein in front of a minor victim.  In other instances,
MAXWELL encouraged minor victims to provide massages to Epstein,
including sexualized massages during which a minor victim would
be fully or partially nude.  Many of those massages resulted in
Epstein sexually abusing the minor victims.

       d.   In addition, Epstein offered to help some
minor victims by paying for travel and/or educational
opportunities, and MAXWELL encouraged certain victims to accept
Epstein's assistance.  As a result, victims were made to feel
indebted and believed that MAXWELL and Epstein were trying to
help them.

       e.   Through this process, MAXWELL and Epstein
enticed victims to engage in sexual activity with Epstein.  In
some instances, MAXWELL was present for and participated in the
sexual abuse of minor victims.  Some such incidents occurred in
the context of massages, which developed into sexual encounters.

       5.   GHISLAINE MAXWELL, the defendant, facilitated
Jeffrey Epstein's access to minor victims knowing that he had a
sexual preference for underage girls and that he intended to
engage in sexual activity with those victims.  Epstein's
resulting abuse of minor victims included, among other things,
touching a victim's breast, touching a victim's genitals,
placing a sex toy such as a vibrator on a victim's genitals,

directing a victim to touch Epstein while he masturbated, and directing a victim to touch Epstein's genitals.

### MAXWELL AND EPSTEIN'S VICTIMS

6.     Between approximately in or about 1994 and in or about 1997, GHISLAINE MAXWELL, the defendant, facilitated Jeffrey Epstein's access to minor victims by, among other things, inducing and enticing, and aiding and abetting the inducement and enticement of, multiple minor victims.  Victims were groomed and/or abused at multiple locations, including the following:

a.     A a multi-story private residence on the Upper East Side of Manhattan, New York owned by Epstein (the "New York Residence"), which is depicted in the following photograph:



b.    An estate in Palm Beach, Florida owned by Epstein (the "Palm Beach Residence"), which is depicted in the following photograph:



c.    A ranch in Santa Fe, New Mexico owned by Epstein (the "New Mexico Residence"), which is depicted in the following photograph:



d.   MAXWELL's personal residence in London,

England.

7.   Among the victims induced or enticed by GHISLAINE

MAXWELL, the defendant, were minor victims identified herein as

Minor Victim-1, Minor Victim-2, and Minor Victim-3.   In

particular, and during time periods relevant to this Indictment,

MAXWELL engaged in the following acts, among others, with

respect to minor victims:

a.   MAXWELL met Minor Victim-1 when Minor

Victim-1 was approximately 14 years old.   MAXWELL subsequently

interacted with Minor Victim-1 on multiple occasions at

Epstein's residences, knowing that Minor Victim-1 was under the

age of 18 at the time.   During these interactions, which took

place between approximately 1994 and 1997, MAXWELL groomed Minor

Victim-1 to engage in sexual acts with Epstein through multiple

means.   First, MAXWELL and Epstein attempted to befriend Minor

Victim-1, taking her to the movies and on shopping trips.

MAXWELL also asked Minor Victim-1 about school, her classes, her

family, and other aspects of her life.   MAXWELL then sought to

normalize inappropriate and abusive conduct by, among other

things, undressing in front of Minor Victim-1 and being present

when Minor Victim-1 undressed in front of Epstein.   Within the

first year after MAXWELL and Epstein met Minor Victim-1, Epstein

began sexually abusing Minor Victim-1.   MAXWELL was present for

and involved in some of this abuse.  In particular, MAXWELL
involved Minor Victim-1 in group sexualized massages of Epstein.
During those group sexualized massages, MAXWELL and/or Minor
Victim-1 would engage in sex acts with Epstein.  Epstein and
MAXWELL both encouraged Minor Victim-1 to travel to Epstein's
residences in both New York and Florida.  As a result, Minor
Victim-1 was sexually abused by Epstein in both New York and
Florida.  Minor Victim-1 was enticed to travel across state
lines for the purpose of sexual encounters with Epstein, and
MAXWELL was aware that Epstein engaged in sexual activity with
Minor Victim-1 after Minor-Victim-1 traveled to Epstein's
properties, including in the context of a sexualized massage.

   b. MAXWELL interacted with Minor Victim-2 on at
least one occasion in or about 1996 at Epstein's residence in
New Mexico when Minor Victim-2 was under the age of 18.  Minor
Victim-2 had flown into New Mexico from out of state at
Epstein's invitation for the purpose of being groomed for and/or
subjected to acts of sexual abuse.  MAXWELL knew that Minor
Victim-2 was under the age of 18 at the time.  While in New
Mexico, MAXWELL and Epstein took Minor Victim-2 to a movie and
MAXWELL took Minor Victim-2 shopping.  MAXWELL also discussed
Minor Victim-2's school, classes, and family with Minor Victim-
2.  In New Mexico, MAXWELL began her efforts to groom Minor
Victim-2 for abuse by Epstein by, among other things, providing

an unsolicited massage to Minor Victim-2, during which Minor Victim-2 was topless.  MAXWELL also encouraged Minor Victim-2 to massage Epstein.

        c.    MAXWELL groomed and befriended Minor Victim-3 in London, England between approximately 1994 and 1995, including during a period of time in which MAXWELL knew that Minor Victim-3 was under the age of 18.  Among other things, MAXWELL discussed Minor Victim-3's life and family with Minor Victim-3.  MAXWELL introduced Minor Victim-3 to Epstein and arranged for multiple interactions between Minor Victim-3 and Epstein.  During those interactions, MAXWELL encouraged Minor Victim-3 to massage Epstein, knowing that Epstein would engage in sex acts with Minor Victim-3 during those massages.  Minor Victim-3 provided Epstein with the requested massages, and during those massages, Epstein sexually abused Minor Victim-3. MAXWELL was aware that Epstein engaged in sexual activity with Minor Victim-3 on multiple occasions, including at times when Minor Victim-3 was under the age of 18, including in the context of a sexualized massage.

### MAXWELL'S EFFORTS TO CONCEAL HER CONDUCT

        8.    In or around 2016, in the context of a deposition as part of civil litigation, GHISLAINE MAXWELL, the defendant, repeatedly provided false and perjurious statements, under oath, regarding, among other subjects, her role in facilitating the

abuse of minor victims by Jeffrey Epstein, including some of the specific events and acts of abuse detailed above.

## STATUTORY ALLEGATIONS

9.   From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, enticement, in violation of Title 18, United States Code, Section 2422.

10.   It was a part and object of the conspiracy that GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, would and did knowingly persuade, induce, entice, and coerce one and more individuals to travel in interstate and foreign commerce, to engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422.

### Overt Acts

11.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    Between in or about 1994 and in or about 1997, when Minor Victim-1 was under the age of 18, MAXWELL participated in multiple group sexual encounters with Epstein and Minor Victim-1 in New York and Florida.

b.    In or about 1996, when Minor Victim-1 was under the age of 18, Minor Victim-1 was enticed to travel from Florida to New York for purposes of sexually abusing her at the New York Residence, in violation of New York Penal Law, Section 130.55.

c.    In or about 1996, when Minor Victim-2 was under the age of 18, MAXWELL provided Minor Victim-2 with an unsolicited massage in New Mexico, during which Minor Victim-2 was topless.

d.    Between in or about 1994 and in or about 1995, when Minor Victim-3 was under the age of 18, MAXWELL encouraged Minor Victim-3 to provide massages to Epstein in London, England, knowing that Epstein intended to sexually abuse Minor Victim-3 during those massages.

(Title 18, United States Code, Section 371.)

## COUNT TWO
**(Enticement of a Minor to Travel to Engage in Illegal Sex Acts)**

The Grand Jury further charges:

12.    The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth within.

11

13.   From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, knowingly did persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, and aided and abetted the same, to wit, MAXWELL persuaded, induced, enticed, and coerced Minor Victim-1 to travel from Florida to New York, New York on multiple occasions with the intention that Minor Victim-1 would engage in one or more sex acts with Jeffrey Epstein, in violation of New York Penal Law, Section 130.55.

(Title 18, United States Code, Sections 2422 and 2.)

## COUNT THREE
### (Conspiracy to Transport Minors with Intent to Engage in Criminal Sexual Activity)

The Grand Jury further charges:

14.   The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth within.

15.   From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to

wit, transportation of minors, in violation of Title 18, United States Code, Section 2423(a).

16. It was a part and object of the conspiracy that GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, would and did, knowingly transport an individual who had not attained the age of 18 in interstate and foreign commerce, with intent that the individual engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a).

<u>Overt Acts</u>

17. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. Between in or about 1994 and in or about 1997, when Minor Victim-1 was under the age of 18, MAXWELL participated in multiple group sexual encounters with EPSTEIN and Minor Victim-1 in New York and Florida.

b. In or about 1996, when Minor Victim-1 was under the age of 18, Minor Victim-1 was enticed to travel from Florida to New York for purposes of sexually abusing her at the

New York Residence, in violation of New York Penal Law, Section
130.55.

        c.   In or about 1996, when Minor Victim-2 was
under the age of 18, MAXWELL provided Minor Victim-2 with an
unsolicited massage in New Mexico, during which Minor Victim-2
was topless.

        d.   Between in or about 1994 and in or about
1995, when Minor Victim-3 was under the age of 18, MAXWELL
encouraged Minor Victim-3 to provide massages to Epstein in
London, England, knowing that Epstein intended to sexually abuse
Minor Victim-3 during those massages.

        (Title 18, United States Code, Section 371.)

## COUNT FOUR
**(Transportation of a Minor with Intent to
Engage in Criminal Sexual Activity)**

    The Grand Jury further charges:

    18.  The allegations contained in paragraphs 1
through 8 of this Indictment are repeated and realleged as if
fully set forth within.

    19.  From at least in or about 1994, up to and
including in or about 1997, in the Southern District of New York
and elsewhere, GHISLAINE MAXWELL, the defendant, knowingly did
transport an individual who had not attained the age of 18 in
interstate and foreign commerce, with the intent that the
individual engage in sexual activity for which a person can be
charged with a criminal offense, and attempted to do so, and

aided and abetted the same, to wit, MAXWELL arranged for Minor

Victim-1 to be transported from Florida to New York, New York on

multiple occasions with the intention that Minor Victim-1 would

engage in one or more sex acts with Jeffrey Epstein, in

violation of New York Penal Law, Section 130.55.

     (Title 18, United States Code, Sections 2423(a) and 2.)

**COUNT FIVE**
**(Perjury)**

     The Grand Jury further charges:

     20.  The allegations contained in paragraphs 1

through 8 of this Indictment are repeated and realleged as if

fully set forth within.

     21.  On or about April 22, 2016, in the Southern

District of New York, GHISLAINE MAXWELL, the defendant, having

taken an oath to testify truthfully in a deposition in

connection with a case then pending before the United States

District Court for the Southern District of New York under

docket number 15 Civ. 7344, knowingly made false material

declarations, to wit, MAXWELL gave the following underlined

false testimony:

     Q.   Did Jeffrey Epstein have a scheme to recruit
           underage girls for sexual massages?  If you know.

     A.   <u>I don't know what you're talking about.</u>

       .  .  .

15

Q.    List all the people under the age of 18 that you
      interacted with at any of Jeffrey's properties?

A.    <u>I'm not aware of anybody that I interacted with,
      other than obviously [the plaintiff] who was 17
      at this point.</u>

(Title 18, United States Code, Section 1623.)

**COUNT SIX**
**(Perjury)**

The Grand Jury further charges:

22.    The allegations contained in paragraphs 1

through 8 of this Indictment are repeated and realleged as if

fully set forth within.

23.    On or about July 22, 2016, in the Southern

District of New York, GHISLAINE MAXWELL, the defendant, having

taken an oath to testify truthfully in a deposition in

connection with a case then pending before the United States

District Court for the Southern District of New York under

docket number 15 Civ. 7344, knowingly made false material

declarations, to wit, MAXWELL gave the following underlined

false testimony:

Q:    Were you aware of the presence of sex toys or
      devices used in sexual activities in Mr.
      Epstein's Palm Beach house?

A:    <u>No, not that I recall.</u> . . .

Q.    Do you know whether Mr. Epstein possessed sex
      toys or devices used in sexual activities?

A.    <u>No.</u>

16

. . .

Q.   Other than yourself and the blond and brunette
     that you have identified as having been involved
     in three-way sexual activities, with whom did Mr.
     Epstein have sexual activities?

A.   I wasn't aware that he was having sexual
     activities with anyone when I was with him other
     than myself.

Q.   I want to be sure that I'm clear.  Is it your
     testimony that in the 1990s and 2000s, you were
     not aware that Mr. Epstein was having sexual
     activities with anyone other than yourself and
     the blond and brunette on those few occasions
     when they were involved with you?

A.   That is my testimony, that is correct.


. . .


Q.   Is it your testimony that you've never given
     anybody a massage?

A.   I have not given anyone a massage.

Q.   You never gave Mr. Epstein a massage, is that
     your testimony?

A.   That is my testimony.

Q.   You never gave [Minor Victim-2] a massage is your
     testimony?

A.   I never gave [Minor Victim-2] a massage.

(Title 18, United States Code, Section 1623.)


_____
FOREPERSON

_____
AUDREY STRAUSS
Acting United States Attorney

17

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**GHISLAINE MAXWELL,**

Defendant.

---

**INDICTMENT**

(18 U.S.C. §§ 371, 1623, 2422, 2423(a),
and 2)

AUDREY STRAUSS
Acting United States Attorney

Foreperson

---